# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-CV-432-MOC-DSC

| | |
|---|---|
| OSCAR ADEDA IDOWU ADENIJI, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, | ) |
| MELVIN K. PEDERSON, | ) |
| WILLIE MARTIN, and | ) |
| ROBERT K. WILLIAMS | ) |
| | ) |
| **Defendants** | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant Martin's "Motion to Dismiss …" (document #7), Defendants Pedersen and Williams' "Motion to Dismiss" (document #28), and Defendant United States Department of Homeland Security's "Motion to Dismiss …" (document #29), as well as the parties' briefs and exhibits. See documents ##7, 17, 18, 21, 28, 29, 32 and 37-39.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions to Dismiss be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from removal proceedings instituted by Defendant United States Department of Homeland Security ("DHS") against Plaintiff. Accepting the allegations of the Complaint as true, on June 2, 2006 an Immigration and Customs Enforcement ("ICE") Notice to Appear ("NTA") was issued based upon criminal charges that subjected Plaintiff to deportation. In 2008, he was arrested for violating a Domestic Violence Order. On April 4, 2008, he was subjected to a deportation hold and detainer.

Defendants Pedersen and Williams are ICE Special Agents. The only factual allegation against Pedersen is that he sought the 2006 NTA. The only factual allegations against Williams arise from the 2008 deportation hold and detainer. Defendant Martin was a Mecklenburg County Deputy Sheriff assigned to the ICE unit at the county jail. Martin allegedly assisted Williams. Plaintiff also alleges that on July 2, 2008, he was "punched in the ribs" and subjected to racial epithets by unnamed guards at the Etowah Detention Facility.

On May 27, 2008, the Immigration Court in Atlanta held an in absentia hearing and found that Plaintiff was subject to removal. Plaintiff alleges that he failed to appear at the hearing because he was in custody in North Carolina. Plaintiff later filed a motion to reopen his removal hearing. The motion was granted. He also filed an application for cancellation of his removal. Plaintiff was released from detention in August 2009. He was later detained a second time, and released on July 22, 2010.

On July 18, 2011, the Immigration Court denied Plaintiff's application and ordered his removal. On September 22, 2011, the case was reopened again and an order was entered finding that Plaintiff was not removable.

Plaintiff filed an administrative claim with DHS on December 13, 2011.

On July 30, 2013, Plaintiff filed the instant Complaint which construed liberally alleges claims under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens claims"), as well as state law tort claims.

In their respective Motions to Dismiss, Defendants contend among other things that Plaintiff's claims are barred by statutes of limitations. Defendants' Motions to Dismiss have been fully briefed and are ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

Accepting the factual allegations of the Complaint as true, Plaintiff's claims are barred by the applicable statutes of limitations. Under the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b). Furthermore, "[u]nder federal law[,] a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. Nasim v. Warden, 64 F.3d 951, 955 (4th

Cir.1995) (citing United States v. Kubrick, 444 U.S. 111, 122-24 (1979)). Plaintiff gave written notice to Defendants when he filed his administrative claim on December 11, 2011. The Complaint is clear on its face that any alleged wrongdoing by Defendants Pedersen, Williams and Martin occurred outside the two-year statute of limitations during 2006 and 2008. The alleged assault at the Etowah Detention Facility occurred on July 2, 2008, more than two years before Plaintiff filed his administrative claim. Accordingly, Plaintiff's FTCA claims arising from the actions of the named or unnamed individual Defendants are time barred.

Plaintiff's Bivens claims against Pedersen and Williams have a three-year statute of limitations. The Fourth Circuit has held "because there is no statute of limitations for Bivens actions," courts should look to the state's statute of limitations governing personal injury claims. Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir.1999). In North Carolina, the applicable statute of limitations is three years. See N.C. Gen. Stat. § 1-52(5) (stating that an action must be brought "[w]ithin three years" . . . [f]or criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated"). Plaintiff filed his Complaint on July 30, 2013. All of his factual allegations against the individual Defendants as well as the alleged assault at Etowah occurred more than three years prior to the Complaint. Accordingly, Plaintiff's Bivens claims as well as his state tort claims are time barred as well.

The Complaint contains some factual allegations that fall within the statute of limitations. Plaintiff complains that the removal proceedings were not terminated immediately upon dismissal of his criminal charges. District courts are precluded from hearing claims arising from decisions to commence removal proceedings, adjudicate cases, or execute removal orders.

5

8 U.S.C. § 1252(g); Reno v. American-Arab Anti-Discrimination Committee ("AADC"), 525 U.S. 471, 482 (1999) (Section 1252(g) encompasses "three discrete events" – decisions or actions to "commence proceedings, adjudicate cases, or execute removal orders").

Finally, the Court finds that none of these remaining factual allegations provide the basis for a plausible claim for relief. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

For these reasons, as well as for the other reasons stated in their briefs, Defendants' Motions to Dismiss should be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Martin's "Motion to Dismiss …" (document #7), Defendants Pedersen and Williams' "Motion to Dismiss" (document #28), and Defendant United States Department of Homeland Security's "Motion to Dismiss …" (document #29) be **GRANTED**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.

Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: April 2, 2014

David S. Cayer
United States Magistrate Judge