UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00432-MOC-DSC

| | | |
|---|---|---|
| **OSCAR ADEDAYO IDOWU ADENIJI,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **US DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Here, the court has carefully read plaintiff's pro se "Response to Motion to Dismiss by United States Magistrate Judge" (#41) and deemed such response to be an Objection. The court has fully considered plaintiff's Objection as well as the attachment of what appears to be an article taken from the internet. At best, plaintiff states that he was not able to respond to the motions to dismiss due to problems with obtaining a mailing address. Review of the pleadings reveals, however, that plaintiff filed responses to the motions to dismiss. See Plaintiff's Responses #32 & #37. Thus, the court determines that plaintiff's Objection is that due to mailing address problems, he was unable to file a surreply to the government's replies, which were responsive to plaintiff's responses. While the record confirms that mail came back as undeliverable, it is undisputed that plaintiff was allowed to brief his opposition to the motions to dismiss toi the fullest extent provided under Local Rule 7.1. Even if the court were to consider the arguments and materials contained in the Objection as the surreply plaintiff wanted the magistrate judge to consider, such pleading provides no rebuttal to the magistrate judge's conclusion that plaintiff's FTCA and Bivens claims are time barred and that this court has no jurisdiction to hear civil claims arising from the Attorney General's decision to commence removal proceedings, adjudicate cases, or execute removal under 8 U.S.C. §1252(g). Instead, the Objection focuses of the merits of plaintiff's claims that removal

proceedings were wrongfully commenced against him. The magistrate judge's Recommendation has nothing to do with the merits of those claims; instead, the magistrate judge determined whether the claims were viable in this court and determined that they were not viable as a matter of law.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#40) is **AFFIRMED,** the Motions to Dismiss (#7, #28, and #29) are **GRANTED**, and this action is **DISMISSED** with prejudice for reasons stated in the Memorandum and Recommendation, which is fully adopted herein.

Signed: May 9, 2014

Max O. Cogburn Jr.
United States District Judge